IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EKERE INYANGETTE,** *Plaintiff*, v. **MOTOR VEHICLE ADMINSTRATION, MARYLAND,** *Defendants*. | Civil No.: 1:24-cv-02372-JRR |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Ekere Inyangette brings this action against Defendant Motor Vehicle Administration, Maryland (the "MVA"), alleging a violation of 42 U.S.C. § 1983. (ECF No. 1.) Pending now before the court is MVA's Motion to Dismiss. (ECF No. 10; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the following reasons, by accompanying order, the Motion will be granted.

**I.   BACKGROUND**[1]

On February 27, 2024, Plaintiff was arrested in Harford County, Maryland, for driving under the influence. (ECF No. 1-1 at p. 1; the "DUI.") While Plaintiff was found not guilty of the DUI charge, his license remained under review for revocation with MVA. *Id.* Plaintiff brought a copy of the verdict to MVA, where MVA informed Plaintiff that there was no way "to dispute" the suspension of his driver's license or have it reinstated. *Id.* The result has caused challenges to Plaintiff who works as a mobile mechanic for car dealerships and transports vehicles from both local and non-local automobile auctions. *Id.* Given the nature of his occupation, Plaintiff has been

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts in set forth in the Complaint (ECF No. 1). *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

unable to perform the duties necessary for his line of work without his license and has been reliant on public transportation. *Id.*

Plaintiff filed his Complaint, seemingly alleging a violation of 42 U.S.C. § 1983, on August 15, 2024. (ECF No. 1.) In the Complaint, Plaintiff requests reinstatement of his license and $2,000,000 in damages "for hardships." *Id.* at p. 4. Defendant filed the instant Motion requesting that the court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction. (ECF No. 10.) Plaintiff has not opposed the Motion.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Subject matter jurisdiction challenges may proceed as "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same). Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) (same). "In that circumstance, the court 'may regard the pleadings

2

as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004)). "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).

Defendant raises a facial challenge to the court's subject matter jurisdiction, asserting that Eleventh Amendment immunity bars Plaintiff's action against him. (ECF No. 10-1 at p. 5–7.) "Eleventh Amendment immunity presents a jurisdictional question that may bar a suit from advancing to the merits." *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 167 (4th Cir. 2023) (first citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974); and then citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "Given the unique attributes of sovereign immunity," the Fourth Circuit has explained that "the burden of proof falls to an entity seeking immunity as an arm of the state, even though a plaintiff generally bears the burden to prove subject matter jurisdiction." *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 176 (4th Cir. 2019) (citing *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014)); *see Hutto*, 773 F.3d at 543 (explaining that "sovereign immunity is akin to an affirmative defense, which the defendant bears the burden of demonstrating").

## III.    ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (citation

modified) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, "does not absolve Plaintiff from pleading a plausible claim," and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (first quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. Eleventh Amendment Sovereign Immunity

Defendant claims in the Motion that MVA is protected from Plaintiff's section 1983 claims by sovereign immunity and the court therefore lacks subject matter jurisdiction pursuant to Rule 12(b)(1). (ECF No. 10.)

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Under the Eleventh Amendment, states generally enjoy immunity from suit unless a state waives its immunity, or the immunity is abrogated by Congress. *See Bd. of Trs. v. Garrett*, 531 U.S. 356, 363–64 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" (citations omitted)); *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019) ("[S]tate

4

sovereign immunity bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it."). State sovereign immunity applies to state agencies, including MVA, which is a part of the Maryland Department of Transportation.[2] *Squire v. Md. Transit Admin.*, Civ. No. 22-02493-JRR, 2023 WL 4593373, at *4 (D. Md. July 18, 2023) (citing *McCray v. Md. Dep't of Transp., Md. Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014)); *see McCray*, 741 F.3d at 482–83 (determining that sovereign immunity applies to the Maryland Department of Transportation). As explained *supra*, a finding that a defendant enjoys sovereign immunity on a claim presents a jurisdictional bar to the court's adjudicative power over such claim. *Cunningham*, 888 F.3d at 649.

"The Fourth Circuit has identified three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state." *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 409 (D. Md. 2022); *see Anderson v. Dep't of Pub. Safety & Corr.*, No. 24-1339, 2024 WL 4814882, at *1 (4th Cir. Nov. 18, 2024) (identifying the three Eleventh Amendment immunity exceptions). The three exceptions include:

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 [121 S.Ct. 955, 148 L.Ed.2d 866] (2001). Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 [124 S.Ct. 899, 157 L.Ed.2d 855] (2004). Third, a State remains free to waive its Eleventh Amendment immunity from suit in a federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 [122 S.Ct. 1640, 152 L.Ed.2d 806] (2002).

---

[2] "The Maryland Department of Transportation (MDOT) is made up of five modal administrations," including MVA. *About MDOT*, MD. DEP'T OF TRANSP., https://www.mdot.maryland.gov/tso/pages/Index.aspx?PageId=5 (last visited July 17, 2025).

*Doe.*, 595 F. Supp. 3d at 409 (citation modified) (quoting *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012)).

No exception is applicable here. "Congress has not abrogated sovereign immunity for § 1983 suits." *Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) (citation omitted)). Plaintiff has not sought prospective injunctive relief against a state official. Finally, the State has not waived MVA's Eleventh Amendment immunity to suit in federal court, nor does Plaintiff argue, or the court discern, any waiver in this action. *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020). With no applicable exception, MVA is entitled to sovereign immunity, and the court will dismiss Plaintiff's Complaint on that basis.[3]

## IV.    CONCLUSION

For the foregoing reasons and by separate order, MVA's Motion (ECF No. 10) will be granted.[4]

Date: July 25, 2025                                            /s/_____
                                                                              Julie R. Rubin
                                                                              United States District Judge

---

[3] Notably, even if did not conclude that Plaintiff's suit against MVA was barred pursuant to Rule 12(b)(1) by the Eleventh Amendment, it would similarly be barred pursuant to Rule 12(b)(6) because MVA is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Harried v. Maryland*, No. CV TDC-24-1190, 2024 WL 4817107, at *4 (D. Md. Nov. 18, 2024) (recognizing same); *see also Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (recognizing that "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted").

[4] Defendant seeks dismissal with prejudice. (ECF No. 10-1 at p. 7.) The court declines to dismiss this action with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court"). A dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) (quoting *S. Walk at Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).